IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50198
Conference Calendar
_____


JASPER LEE HILL,

                                    Plaintiff-Appellant,

versus

TINA SCHROUBROEK, SGT., ET AL.,

                                    Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-90-CV-155
- - - - - - - - - -
(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Jasper Lee Hill appeals from the district court's denial of

his motion for relief from judgment pursuant to Fed. R. Civ. P.

60(b).  He contends that the district court abused its discretion

by denying his motion because this court had "reversed" the

jury's verdict in a prior unpublished opinion, the district court

abused its discretion by imposing a $50 sanction, and he again

challenges the original jury verdict.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Hill's repeated challenges to the jury's verdict and to the district court's original March 1992 judgment are not reviewable by this court, as the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. See Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). Further, Hill's argument that he was entitled to postjudgment relief because this court "reversed" the original jury verdict in favor of the defendants in its December 12, 1994, unpublished opinion is patently frivolous. In its December 12, 1994, unpublished opinion, this court determined that the magistrate judge had not abused his discretion by denying Hill's previous Rule 60(b) motions and dismissed Hill's appeal as frivolous. The court specifically noted that it had previously upheld the decision of the jury. The magistrate judge thus did not abuse his discretion by denying Hill's Rule 60(b) motion.

Neither did the magistrate judge abuse his discretion by imposing a $50 sanction against Hill. Hill has now twice challenged the district court's denial of his postjudgment motions and is challenging the original 1992 judgment for the third time. This court has upheld the jury's decision and the Supreme Court has declined to hear the case. Hill was previously warned by the district court that the filing of additional frivolous motions would result in the assessment of sanctions, yet Hill has persisted in repeatedly filing frivolous postjudgment motions and appeals.

This appeal is without arguable merit and thus is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, it is hereby dismissed.  5th Cir. R. 42.2.  We now bar Hill from filing any civil appeal in this court, or any initial pleading in any court that is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court.  The clerk of this court and the clerks of all federal district courts in this circuit are hereby directed to return to Hill, unfiled, any attempted submission inconsistent with this bar.

DISMISSED.